UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| VANESSA MCCORKER, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:22-CV-111-TLS-JPK |
| MIDLAND CREDIT MANAGEMENT, INC., | |
| Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Dismiss [ECF No. 18] filed by Defendant Midland Credit Management, Inc. on September 1, 2022. For the reasons set forth below, the Court grants the motion.

**LEGAL STANDARDS**

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a court may dismiss a claim for lack of subject matter jurisdiction. *Apex Digit., Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009); Fed. R. Civ. P. 12(b)(1). In considering such a motion, the "district court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff." *St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (quoting *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999)). In addition, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Long*, 182 F.3d at 554). The burden of proof to demonstrate subject matter jurisdiction is on the party asserting jurisdiction. *See Lee v. City of Chicago*, 330 F.3d 456, 468 (7th Cir. 2003).

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) (citing Fed. R. Civ. P. 12(b)(6); *Gen. Elec. Cap. Corp. v. Lease Resol. Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997)). When reviewing a complaint attacked by a Rule 12(b)(6) motion, a court construes the complaint in the light most favorable to the non-moving party, accepts the factual allegations as true, and draws all inferences in the non-moving party's favor. *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

In reviewing a motion to dismiss, a court considers "the complaint itself" as well as "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1019–20 (7th Cir. 2013) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

**PROCEDURAL BACKGROUND**

On August 5, 2021, Midland filed suit against McCorker in Lake County, Indiana, Circuit Court, to collect an obligation of $2,043.19. *See* Def. Ex. A, ECF No. 19-1.[1] On September 9,

---

[1] The Court takes judicial notice of the state court records in Midland's Exhibits A–C. *See* Fed. R. Evid. 201; *Daniel v. Cook County*, 833 F.3d 728, 742 (7th Cir. 2016) ("Courts routinely take judicial notice of the actions of other courts or the contents of filings in other courts.").

2021, McCorker appeared in the state case and filed a "Response to [Midland's] Notice of Claim." *See* Def. Exs. B, C, ECF Nos. 19-2, 19-3.

On May 2, 2022, McCorker filed a pro se Complaint [ECF No. 1] in this case, alleging a claim of "extrinsic fraud" against Midland. Compl. 2. McCorker alleges that Midland is economically and non-economically damaging her by filing the state law claim demanding the debt. *Id.* McCorker asks this Court to "dismiss the claim filed by [Midland,] take a legal action against [Midland] on extrinsic fraud, and also order [Midland] to pay for the damages." *Id.* McCorker alleges that, in the state action, she objected that she and Midland did not have a lender/debtor relationship. She further alleges that "[Midland] in their claim did not serve any 30 days debt collection notice to [McCorker]" and that she was never notified of the debt before Midland filed the state lawsuit. *Id.* McCorker alleges that this Court's subject matter jurisdiction is based on diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.

On July 1, 2022, the state court entered a final judgment granting Midland's motion for summary judgment. Def. Ex. A. McCorker did not appeal that judgment. *Id.*

## ANALYSIS

In the Motion to Dismiss, Midland raises several arguments, but the Court finds it necessary only to address the argument that the Court lacks subject matter jurisdiction over McCorker's state law claim. McCorker's Complaint specifically alleges a claim of "extrinsic fraud" and asserts that this case is brought pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). Although the Complaint does not cite any federal statute or invoke the Court's federal question jurisdiction under 28 U.S.C. §1331, it appears from the Complaint's factual allegations, bolstered by the arguments in the response brief, that McCorker may also be asserting a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g (FDCPA), for

3

Midland's alleged failure to provide her with written notice of the debt.[2] Because McCorker cannot state a claim under the FDCPA, there is no independent subject matter jurisdiction over any state law fraud claim, and the Court relinquishes its supplemental jurisdiction over the state law claim, McCorker's Complaint must be dismissed.

First, although McCorker does not cite the FDCPA or any federal cause of action in her Complaint, she nevertheless alleges that "[Midland] in their claim did not serve any 30 days debt collection notice on [McCorker]" and that she was never notified of the debt before Midland filed the state lawsuit. In her response brief, McCorker argues that Midland "failed to serve the 30 days Debt Collection Notice," references 15 U.S.C. § 1692g (referencing § 809 of the FDCPA on the validation of debts), and cites two federal district court cases dealing with other, inapplicable provisions of the FDCPA. *See* Pl. Resp. 7, ECF No. 21 (citing *Gillis v. Blitt & Gaines, P.C.*, 14-CV-5782, 2015 WL 5821637 (N.D. Ill. Oct. 1, 2015) (15 U.S.C. § 1692i); *Osborne v. Minn. Recovery Bureau, Inc.*, No. 04-1167, 2006 WL 1314420 (D. Minn. May 12, 2006) (15 U.S.C. § 1692f(6)). McCorker is correct that the FDCPA requires written notice to be sent to the consumer "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt." 15 U.S.C. § 1692g(a). However, a legal pleading, such as the state court complaint filed in the Lake County, Indiana, Circuit Court by Midland against McCorker, is specifically excluded from that requirement. *See* 15 U.S.C. §1692g(d) ("A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a)."). Accordingly, McCorker fails as a matter of law to state a claim under the FDCPA, and the Court dismisses any such claim with prejudice.[3]

---

[2] Under the federal notice pleading standard, "[p]laintiffs need only plead facts, not legal theories, in their complaints." *R3 Composites Corp. v. G&S Sales Corp.*, 960 F.3d 935, 941 (7th Cir. 2020) (citation omitted). In addition, given McCorker's pro se status, the Court must liberally construe the Complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[3] Ordinarily, a court affords a pro se litigant an opportunity to file an amended pleading before dismissing the case with prejudice. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, granting leave to amend is not required where such action would be futile. *Id.*; *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend . . .

The only remaining claim is McCorker's state law fraud claim. As argued by Midland, the Court does not have original subject matter jurisdiction over the state law claim because the requisite jurisdictional amount of $75,000 is not met. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). "As the party seeking to invoke federal jurisdiction [the plaintiff bears] the ultimate burden of proof as to the jurisdictional amount." *Am. Bankers Life Assur. Co. of Fla. v. Evans*, 319 F.3d 907, 909 (7th Cir. 2003).

Midland argues that McCorker cannot satisfy the amount in controversy requirement because the debt at issue in the state court action was $2,043.19. In response, McCorker acknowledges that the amount in dispute is "far less than $75,000" but argues that, since the parties are citizens of different states, the Court "has the discretionary power to hear the case even if the disputed amount is far less than $75,000." Pl. Resp. 2. This is incorrect. "[A plaintiff] must plead facts which support that the jurisdictional amount has been met. Specifically, in viewing the allegations of [the plaintiff's] complaint this court lacks diversity jurisdiction only if [it] appears 'to a legal certainty' that [the plaintiff's] claim is really for less than the [$75,000] jurisdictional amount." *Chi. Place P'ship v. Distinct Images, Inc.*, 90 C 5343, 1991 WL 62500, at *2 (N.D. Ill. Apr. 17, 1991) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Here, the Complaint alleges fraud based on the collection of a $2,043.19 obligation, and McCorker concedes in her response brief that the amount in controversy is "far less than $75,000." Accordingly, it appears to a legal certainty that McCorker's claim is for far less than the jurisdictional amount, and the Court does not have diversity jurisdiction over the state law fraud claim.

---

where the amendment would be futile." (citation omitted)). Any proposed amendment of the FDCPA claim would be futile in light of the statutory exclusion.

In her brief, McCorker also contends that the Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides the Court with broad discretionary power to determine whether to hear a case. As an initial matter, McCorker has not alleged a claim under the Declaratory Judgment Act. But even if the Court were to grant her leave to bring such a claim, the Declaratory Judgment Act by itself does not provide an independent source of federal subject matter jurisdiction or an independent cause of action. *See Manley v. Law*, 889 F.3d 885, 893 (7th Cir. 2018) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950)); *GNB Battery Techs., Inc. v. Gould, Inc.*, 65 F.3d 615, 619 (7th Cir. 1995). Although McCorker is correct that the Declaratory Judgment Act "provides that a court '*may* declare the rights and other legal relations of any interested party seeking such declaration,'" *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995) (quoting § 2201(a)), the court must first have jurisdiction over the claim, *see id.* at 288 ("In the declaratory judgment context, the normal principal that federal courts should adjudicate claims *within their jurisdiction* yields to considerations of practicality and wise judicial administration." (emphasis added)).

This leaves the Court's supplemental jurisdiction over the state law fraud claim based on the Court's original jurisdiction over the FDCPA claim. *See* 28 U.S.C. § 1367(a). "When all federal claims have been dismissed prior to trial, the principle of comity encourages federal courts to relinquish supplemental jurisdiction pursuant to § 1367(c)(3)." *Hansen v. Bd. of Trs. of Hamilton Se. Sch. Corp.*, 551 F.3d 599, 607 (7th Cir. 2008). While the decision to exercise supplemental jurisdiction is discretionary, "there is a general presumption that the court will relinquish supplemental jurisdiction and dismiss the state-law claims without prejudice." *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 618 (7th Cir. 2018) (citing *RWJ Mgmt. Co., Inc. v. BP Prods. N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012)). As the Court has not engaged in any meaningful review of McCorker's fraud claim and has not otherwise committed substantial judicial resources to the claim, declining to exercise supplemental jurisdiction is proper in this instance. The Court dismisses McCorker's state law claim without prejudice.

## CONCLUSION

Accordingly, the Court hereby GRANTS the Defendant's Motion to Dismiss [ECF No. 18] and DISMISSES with prejudice the Plaintiff's claim under 15 U.S.C. § 1692g and DISMISSES without prejudice the Plaintiff's state law fraud claim.

SO ORDERED on May 30, 2023.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
